IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| **DEVONTAI NATHANIEL TAYLOR,** : | |
| : | |
| Plaintiff, : | |
| : | |
| V. : | |
| : | NO. 3:23-cv-00144-TES-CHW |
| **LT. BARNES,** : | |
| : | |
| Defendant. : | |
| : | |

## ORDER OF DISMISSAL

Plaintiff Devontai Nathaniel Taylor, a detainee in the Morgan County Detention Center in Madison, Georgia, filed a *pro se* 42 U.S.C. § 1983 civil rights complaint. Compl., ECF No. 1. He also filed a motion for leave to proceed in this action *in forma pauperis*. Mot. for Leave to Proceed *In Forma Pauperis*, ECF No. 2. Thereafter, the United States Magistrate Judge granted Plaintiff's motion to proceed *in forma pauperis* and ordered him to pay an initial partial filing fee of $17.65. Order, ECF No. 4. The Magistrate Judge gave Plaintiff fourteen days to pay the fee and cautioned Plaintiff that his failure to do so could result in the Court dismissing this case. *Id.*

When Plaintiff did not pay the initial partial filing fee or otherwise respond to the order for him to do so within the allotted time, the Magistrate Judge ordered Plaintiff to respond and show cause why the Court should not dismiss this case based on Plaintiff's failure to pay the initial partial filing fee. Order, ECF No. 6. Plaintiff then filed a response, asserting that he had been indigent since November 2023 and had not had any

money in his trust account since last year.  Response 1, ECF No. 9.

Thereafter, the Magistrate Judge entered an order reminding Plaintiff that, if he was unable to pay the initial partial filing fee, he could file a renewed motion to proceed *in forma pauperis* "supported by a new account statement and an explanation of how any change in circumstances prevents Plaintiff from paying the fee."  Order 2, ECF No. 10 (citing Order 4, ECF No. 4).  The Magistrate Judge further noted that Plaintiff did not support his response asserting that he was unable to pay the fee with an updated account statement.  *See id.* (citing Response, ECF No. 9).  Therefore, the Magistrate Judge again ordered Plaintiff to pay the initial partial filing fee of $17.65, or, if Plaintiff was unable to pay the ordered fee, to file a new motion to proceed *in forma pauperis* supported by an updated certified account statement including a printout of his account transactions.  *Id.* The Magistrate Judge gave Plaintiff fourteen days to pay the fee and again cautioned Plaintiff that his failure to comply may result in the Court dismissing this case.  *Id.*

More than fourteen days passed after the Magistrate Judge entered that order, during which Plaintiff did not pay the initial partial filing fee or otherwise respond to the order for him to do so.  Moreover, the United States Postal Service returned the order to this Court as undeliverable.  Mail Returned, ECF No. 11.  It is Plaintiff's responsibility to keep the Court informed as to his current mailing address, and his failure to do so constitutes a failure to prosecute this case.  Additionally, insofar as this Court has no information about Plaintiff's current location, this case cannot continue.

Out of an abundance of caution, the Magistrate Judge again gave Plaintiff an opportunity to respond and show cause why the Court should not dismiss this case based

2

on Plaintiff's failure to comply with the previous orders and failure to keep the Court informed as to his current address. Order to Show Cause, ECF No. 12. The Magistrate Judge gave Plaintiff another fourteen days to respond and cautioned Plaintiff that his failure to do so would likely result in the Court dismissing this case. *Id.*

More than fourteen days have now passed since the Magistrate Judge entered the most recent show cause order. Plaintiff has not responded to that order, which the United States Postal Service has returned as undeliverable. Mail Returned, ECF No. 13. Thus, because Plaintiff has failed to comply with the previous orders or to otherwise prosecute his case, the Court now **DISMISSES** the complaint **WITHOUT PREJUDICE**. *See* Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) (first citing Fed. R. Civ. P. 41(b); and then citing *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.").

**SO ORDERED**, this 8th day of July, 2024.

                                          Tilman E. Self, III
                                          **TILMAN E. SELF, III, JUDGE**
                                          **UNITED STATES DISTRICT COURT**